UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angela Moore,<br><br>    Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership; and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 5:10-cv-324<br>    (NPM/GHL)<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Angela Moore, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Angela Moore ("Plaintiff"), is an adult individual residing in Cicero, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services Limited Partnership ("GC"), is a Texas limited liability

company with an address of 6330 Gulfton, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. A financial obligation was incurred (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **GC Engages in Harassment and Abusive Tactics**

12. The Defendants telephoned the Plaintiff's neighbor and discussed the debt despite already possessing Plaintiff's contact information.

13. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

14. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

15. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

18. The foregoing act is a violation of the FDCPA, including every one of the above-cited provisions.

19. The Plaintiff is entitled to damages as a result of Defendant's violation.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

21. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

22. The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of New York.

23. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

24. By virtue of the foregoing, Plaintiffs are entitled to recover their actual damages, trebled, together with their reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in their favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff their actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding Plaintiff recovery of her litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 19, 2010

                                         Respectfully submitted,

                                         By   /s/ Sergei Lemberg

                                         Sergei Lemberg (SL 6331)
                                         LEMBERG & ASSOCIATES L.L.C.
                                         1100 Summer Street, 3rd Floor
                                         Stamford, CT 06905
                                         Telephone: (203) 653-2250
                                         Facsimile:  (877) 795-3666
                                         Attorneys for Plaintiffs